IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **David Michael Kress,** | ) |
| | ) Case No. 2:12-cv-0001 |
| **Plaintiff,** | ) |
| | ) Judge Sharp |
| v. | ) Magistrate Judge Griffin |
| | ) |
| **Government of White County Tennessee, et al.,** | ) |
| | ) |
| **Defendants** | ) |

## DENIAL OF DEFAULT JUDGMENT

Pending is Plaintiff's Motion for Entry of Default Judgment against Defendant James L. Marshall, James L. Marshall, d/b/a Marshall Bonding Corporation, individually and in his capacity as Principal/Owner of the Marshall Bonding Corporation (Docket Entry No. 27). The Clerk will construe this as a request to enter default pursuant to Federal Rule of Civil Procedure 55(a). The grant of a default judgment is a two part process and no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). *U.S. v. $22,050.00 U.S. Currency,* 2008 WL 4093066 at page 3 (M.D. Tenn. Aug. 26, 2008)*; Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).

The motion appears to be well-founded though it must be denied as Plaintiff has not submitted an appropriate affidavit of military service as is required by the Servicemembers Civil Relief Act of 2003 (50 App. U.S.C. 501 et seq.). The Act requires that affidavits be submitted that "state whether or not the Defendant is in military service and **showing facts necessary to support the affidavit**" (emphasis added). Plaintiff's Affidavit (Docket Entry No. 27-1) states that "Upon information and belief following investigation" Defendant is not on active duty in the military service but does not

contain any facts to support that assertion. If Plaintiff has investigated Defendant's status, then Plaintiff must relate the facts found in his investigation. Alternatively, information on the military status of an individual can be obtained at the Department of Defense website at https://www.dmdc.osd.mil/appj/scra/. That website provides an on-line search utility (SSN required) as well as a help button link that provides information on where requests for information can be sent (no SSN required) to determine whether a particular individual is on active duty in the military. A sworn statement or declaration from the Defendant or someone in a position to know the military status of the individual could be accepted. Other factors, such as the age of Defendant if beyond the age for service can be considered.

Plaintiff may file a renewed motion for entry of default when the necessary facts can be provided.

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court